1

2

3

4

5

6

7            IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11  ROBERT LEE JENKINS, JR.,

12            Plaintiff,              No. 2:13-cv-0596 AC P

13       vs.

14  RON BARNES, et al.,

15            Defendants.            ORDER

16  _____/

17            Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

18  to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28

19  U.S.C. § 1915.

20            *Motion to Proceed in Forma Pauperis*

21            Plaintiff has submitted a declaration that makes the showing required by 28

22  U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24  U.S.C. § 1914(a), 1915(b)(1).  .  Plaintiff is assessed an initial partial filing fee of 20 percent of

25  the greater of (a) the average monthly deposits to plaintiff's trust account; or (b) the average

26  monthly balance in plaintiff's account for the 6-month period immediately preceding the filing of

1

1   this action.  28 U.S.C. § 1915(b)(1).  Upon payment of that initial partial filing fee, plaintiff will

2   be obligated to make monthly payments in the amount of twenty percent of the preceding

3   month's income credited to plaintiff's trust account.  The California Department of Corrections

4   and Rehabilitation is required to send to the Clerk of the Court the initial partial filing fee and

5   thereafter payments from plaintiff's prison trust account each time the amount in the account

6   exceeds $10.00, until the statutory filing fee of $350.00 is paid in full.  28 U.S.C. § 1915(b)(2).

7                    *The Complaint*

8                    Screening Requirements

9           The court is required to screen complaints brought by prisoners seeking relief

10  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

11  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

12  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

13  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

14  U.S.C. § 1915A(b)(1),(2).

15          A claim is legally frivolous when it lacks an arguable basis either in law or in

16  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

17  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

18  indisputably meritless legal theory or where the factual contentions are clearly baseless.

19  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

20  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

21  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

22          A complaint must contain more than a "formulaic recitation of the elements of a

23  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

24  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

25  must contain something more...than...a statement of facts that merely creates a suspicion [of] a

26  legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

1  Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual

2  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>,

3  556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility

4  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

5  that the defendant is liable for the misconduct alleged." <u>Id.</u>

6          In reviewing a complaint under this standard, the court must accept as true the

7  allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

8  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

9  doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

10              <u>Summary of the Complaint</u>

11          The complaint as filed is more than 400 pages long, and includes more than 300

12  hundred pages of exhibits.  By the court's count, plaintiff names 56 individuals as defendants,

13  and claims that he has 22 pending or lost administrative grievances and medical appeals.

14          The plaintiff's "Statement of Claim" is not "a short and plain statement" showing

15  the grounds upon which the court's jurisdiction depends, or showing that plaintiff is entitled to

16  relief.  <u>See</u> Fed. R. Civ. P. 8(a).  Instead, plaintiff's statement of claim consists of a series of

17  narratives about a number of incidents[1] involving plaintiff and the staff at High Desert State

18  Prison beginning in December 2011.

19          Plaintiff alleges that, upon his arrival at HDSP, defendants confiscated plaintiff's

20  prescribed medical devices, and then used excessive force when moving plaintiff around the

21  prison.  When plaintiff attempted to file grievances about the use of excessive force or the

22  removal of his devices, he alleges that defendants retaliated against him, and placed him in

23  administrative segregation.  He further alleges that defendants searched his cell and removed his

24  legal papers and personal property.  Plaintiff also alleges that he received inadequate medical

25  _____

26          [1] By the undersigned's count, plaintiff describes thirty-two separate interactions with
staff in his complaint.

3

1   care while at HDSP.

2          While these incidents might arguably be related, it is currently impossible for the

3   court to determine whether this complaint may be served, and if so, against whom.  Notably,

4   while plaintiff identifies 56 individuals as defendants, at least seven of the named defendants[2] do

5   not appear as actors in plaintiff's narrative.  On the other hand, the narrative includes as actors

6   seven other individuals who are NOT named as defendants.[3]

7          In addition, plaintiff himself identifies at least five incidents which have not been

8   fully grieved at the administrative level.  See ECF No. 1 at 4, 6-7 (list of pending appeals by log

9   numbers), 47, 48, 51, 52, 53.

10          Analysis

11          *Multiple Claims against Multiple Defendants*

12          Fed. R. Civ. P. 18(a) provides: "A party asserting a claim, counter-claim,

13   crossclaim, or third-party claim may join, as independent or alternative claims, as many claims

14   as it has against an opposing party."  "Thus multiple claims against a single party are fine, but

15   Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

16   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different

17   defendants belong in different suits[.]" Id.

18          It is true that Fed. R. Civ. P. 20(a) provides that "[p]ersons ...may be joined in one

19   action as defendants if: (A) any right is asserted against them jointly, severally, or in the

20   alternative with respect to or arising out of the same transaction, occurrence, or series of

21   transactions or occurrences; and (B) any question of law or fact common to all defendants will

22   arise in the action."  However, "[a] buckshot complaint that would be rejected if filed by a free

23

24          [2]  The named defendants to whom the court could not link any action in the Complaint
    are: R. Plainer; C/O Aurich; Lt. Sisson; Lt. Angelo; Sgt. Glenn; Captain G. Hale; and Sgt.
25   Handler.

26          [3]  The named actors who are not listed as defendants are: Lt. Leckie; Sgt. Sears; D.
    Davey; Lopez; C/O McGrath; Brown; and Collins.

person–say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." Id. at 607.

In this case, plaintiff has not clearly identified all defendants, nor has he linked each defendant to a constitutional violation. The court is accordingly unable to determine if the claims are sufficiently related to support their being litigated in a single complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits").

*Exhaustion*

Title 42 U.S.C. § 1997(e)(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues.") Exhaustion of administrative remedies is a prerequisite to all actions brought with respect to prison conditions. See Porter v. Nussle, 534 U.S. 516, 525 (2002), citing 42 U.S.C. § 1997e. Failure to exhaust is an affirmative defense, meaning that a prisoner is not required to plead and to demonstrate exhaustion in his or her complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007).

In this case, however, plaintiff has affirmatively advised the court that he has failed to exhaust certain claims. There is no question that these unexhausted claims cannot be brought in this court. See Jones, 549 U.S. at 211.

Conclusion

The complaint will accordingly be dismissed with leave to amend. Plaintiff is reminded that Federal Rule of Civil Procedure 8(a)(2) requires plaintiff to provide the court with "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule

8(e)(1) also requires that "[e]ach averment of a pleading. . . .be simple, concise, and direct."  In order to satisfy this requirement, plaintiff must tell the court in short, plain statements: (1) the constitutional right that plaintiff believes was violated; (2) the name of the defendant who violated the right; (3) exactly what the defendant did or failed to do; (4) how the action or inaction of the defendant is connected to the violation of plaintiff's constitutional right; and (5) what specific injury plaintiff suffered because of the defendant's conduct.  While certain of plaintiff's allegations currently meet these requirements, plaintiff has, for example, named defendants to whom the court cannot link any constitutional violation, or has provided narratives that simply recite events, leaving the court to guess what constitutional rights or injuries plaintiff may be alleging.

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Finally, to the extent plaintiff wishes to sue various defendants on unrelated claims, he must raise his claims in separate complaints.  See Fed. R. Civ. P. 18(a), 20(a).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading (and its attached exhibits) no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1            Accordingly, IT IS HEREBY ORDERED that:

2           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4  The fee shall be collected and paid in accordance with this court's order to the Director of the

5  California Department of Corrections and Rehabilitation filed concurrently herewith.

6           3.  The complaint is dismissed with leave to file an amended complaint within

7  twenty-eight days from the date of service of this Order.  Failure to file an amended complaint

8  will result in dismissal of this action.

9  DATED: April 12, 2013.

10

11               ALLISON CLAIRE
                UNITED STATES MAGISTRATE JUDGE

12

13

14  AC:rb
    jenk0596.B

15

16

17

18

19

20

21

22

23

24

25

26