UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS,<br><br>Plaintiff,<br><br>v.<br><br>RON BARNES, Warden, et al.,<br><br>Defendants. | No. 2:13-cv-0596 AC P<br><br><br><br>ORDER |

Plaintiff is a prisoner, proceeding pro se and in forma pauperis on his complaint filed pursuant to 42 U.S.C. § 1983, seeking injunctive relief and money damages. On April 12, 2013, the court granted plaintiff's motion to proceed in forma pauperis and dismissed plaintiff's original complaint with leave to amend, largely because the voluminous complaint failed to comply with Federal Rule of Civil Procedure 8(a). In particular, the court noted that: (1) plaintiff's complaint was essentially a series of narratives describing 32 separate interactions with staff; (2) at least 7 of the 56 named defendants did not appear as actors in any of the described incidents; (3) at least 7 other individuals named as actors in the narratives were not named as defendants; and (4) plaintiff had identified at least 5 incidents which had not been fully grieved at the administrative level. The court advised plaintiff how to present a short and plain statement under Rule 8(a), including an instruction to include information about "what specific injury plaintiff suffered as a result of defendant's conduct." ECF No. 5 at 6.

Plaintiff has now filed an equally voluminous amended complaint, identical in many respects to its dismissed predecessor.  Plaintiff has not truly amended his complaint – he has instead inserted at the end of each narrative a line which identifies a defendant and an alleged constitutional violation (for example: "Sgt. Bonds [sic] actions committed an Eight Amendment violation against plaintiff.")  ECF No. 8 at 11.  Plaintiff has again failed to provide the court with a short and plain statement.  Plaintiff's failure to organize the unusually large amount of information that he wishes to present the court is grounds to dismiss the amended complaint with leave to amend.

The court has organized plaintiff's allegations as follows, and notes that certain of the claims remain insufficient to state a claim for the reasons given:

Count One[1]:  Plaintiff alleges that on December 5, 2011, defendant R. Miranda provided plaintiff with inadequate medical care in violation of the Eighth Amendment when defendant Miranda discontinued certain medications and devices prescribed for plaintiff by a doctor at another prison.  ECF No. 8 at 9-10.  Plaintiff however does not allege any injury as a result of the change in treatment.  Plaintiff's grievance on this issue is also among those that plaintiff identifies as not fully exhausted.

Count Two:  Plaintiff alleges that on December 5, 2011, defendant Sgt. Bonds used excessive force in violation of the Eighth Amendment when Sgt. Bonds handcuffed plaintiff.  Bonds pushed, dragged, and snatched at plaintiff, "causing severe pain with plaintiff's arms twisted upwards with the handcuffs causing pain to plaintiff's waist."  ECF No. 8 at 10-11.  Plaintiff does not allege any continuing pain or physical damage from the incident.

Count Three: Plaintiff alleges that on January 18, 2012, defendants Lt. Albonico, Sgt. Freckell, C/O Chenoweth, and C/O Russeell violated plaintiff's First and Eighth Amendment rights when C/O Chenoweth handcuffed plaintiff in such a way as to cause plaintiff "severe pain."  While plaintiff was in a holding cage awaiting a nurse, Sgt. Freckell taunted plaintiff.  Lt. Albonico watched but did nothing, allowing this "misconduct" to continue.  Plaintiff does not

---

[1]  The court has divided each narrative into a separate count.

1 describe how defendant Russell used excessive force on plaintiff.  Plaintiff also states that Sgt.
2 Freckell and C/O Drake taunted him, but does not appear to allege that C/O Drake violated
3 plaintiff's rights.  Plaintiff also does not allege any continuing pain or physical damage from the
4 incident.
5       Count Four:  Plaintiff alleges that on January 26, 2012, C/O Nichols violated plaintiff's
6 First Amendment rights when Nichols disciplined plaintiff in retaliation for plaintiff's filing prior
7 grievances against him.
8       Count Five: Plaintiff alleges that on or around January 26, 2012, defendant Lt. Albonico
9 "failed and breach of fiduciary dutyies [sic] to security and safety of plaintiff" when defendant
10 Albonico interviewed plaintiff and spoke harshly to him, saying, "You better be glad you are not
11 20 years younger because if you were, I would whip your ass."  ECF No. 8 at 13.  Plaintiff alleges
12 that defendant Albonico threatened plaintiff in retaliation for staff complaints that plaintiff wrote
13 against defendants Nichols, Chenoweth and Russell.  While the text of plaintiff's amended
14 complaint refers the court to "Exhibit D," the court cannot find at Exhibit D any grievance
15 associated with this incident.
16       Count Six: Plaintiff alleges that on February 11, 2012 his First, Eighth, and Fourteenth
17 Amendment rights were violated when his cell was searched while he was being interviewed.
18 Plaintiff does not specify who violated his rights in this incident.  He claims that the search was in
19 retaliation for staff complaints he filed against Sgt. Bonds, C/O Nichold, C/O Cenoweth, C/O
20 Russell, C/O Newton, and Sgt. Freckell.  Plaintiff claims that Lt. Albonico ordered the search,
21 and that C/O Kingsley, C/O Drake, C/O Newton and C/O McGrath performed the search, taking a
22 legal document that was never returned.  Plaintiff again refers the court to "Exhibit D," and again
23 the court can find no reference to any grievance associated with the incident.
24       Count Seven: Plaintiff alleges that on February 12, 2012, C/O Whittaker, Sgt.
25 Grammentico, and Lt. Albonico violated plaintiff's Eighth and Fourteenth Amendment rights
26 when C/O Whittaker handcuffed plaintiff, and dragged him to a cage.  Plaintiff alleges that his
27 chest and face were slammed into the metal steel cage while he was being taunted, but does not
28 say who slammed him into the cage or taunted him.  He alleges that Lt. Albonico and Sgt.

Grammentico observed this assault but did nothing. Plaintiff does not allege any injury or damage as a result of this incident, and also refers the court to Exhibit F of his complaint, but no Exhibit F is attached.

Count Eight: Plaintiff alleges that on February 22, 2012, his Eighth and Fourteenth Amendment rights were violated when Sgt. Sears handcuffed plaintiff and escorted him back to his cell, lifting plaintiff off his feet, twisting plaintiff's arm, and removing the handcuffs through the slot with enough force to cause plaintiff to "snap" his back and fall. Lt. Leckie watched Sgt. Sears handcuff plaintiff. Plaintiff does not allege any continuing pain or damage from the incident with Sgt. Sears. Plaintiff also refers to the court to Exhibit G, which is not attached.

Count Nine: Plaintiff alleges that on January 23, 2013, Dr. Rohlfing acted with deliberate indifference, in violation of the Eighth Amendment when Dr. Rohlfing removed his soft-shoe chrono, in conspiracy with C/O Roberts, in retaliation for plaintiff's filing grievances against defendants Miranda and Bond.

Count Ten: Plaintiff alleges that he has received inadequate medical care from Dr. Abdur-Raham for failure to treat plaintiff's chronic pain as it was treated at other institutions, for failure to order x-rays and CT-scans, and for responding to plaintiff's grievances about Dr. Abdur-Raham.

Count Eleven: Plaintiff alleges that on February 12, 2012, he was placed in administrative segregation pursuant to a lock-up order signed by Lt. Leckie. Plaintiff alleges that he was not given a review of this lock-up order within 72 hours, in violation of state regulation, and seems to allege that unknown defendants failed to give him a review in retaliation for his filing grievances against prison staff. Even if plaintiff has a constitutional right to a review of his lock-up order within 72 hours, his allegation is vague and conclusory, as he fails to identify who, exactly, failed to provide him with a review. In support, plaintiff refers the court to Exhibit K, which are a series of grievances and decisions regarding, among other things, a March 27, 2012 incident in which plaintiff's television was scratched, and complaints that plaintiff did not have access to his legal documents between February 12, 2012 and March 27, 2012. These exhibits do not reflect that plaintiff has exhausted his allegation regarding an unknown staff member's failure to provide him

with a lock-up review.

Count Twelve: Plaintiff alleges that defendants R. Cowan, R. Planar, Lt. Albonico, and Lt. Perry violated his constitutional rights. This particular count is vague and conclusory, and also compounds several incidents without providing the court with specific information about how, precisely, the alleged defendants violated plaintiff's rights. Instead, plaintiff alleges generally that he was retained in Ad-Seg, that he was not seen by committee, and that he was punished in violation of the First and Eighth Amendments because his placement was motivated by retaliation for staff complaints. The court also notes that, according to plaintiff's narrative, he was seen by committee on February 16, 2012, which, by the court's count, is four days after plaintiff claims he was placed in Ad-Seg, and therefore well within the 10 day frame allowed by California regulations.

Count Thirteen: Plaintiff alleges that "High Desert State Prison's Official's/Administration all acted in cohoots and in concert in a code of silence" to violate plaintiff's First Amendment rights by denying him access to the courts, apparently by refusing to provide him with his legal documents. Plaintiff's designation of "High Desert State Prison's Officials and Administrators" as the actor/defendant in this count is too broad. While plaintiff names certain individual officers from whom plaintiff requested his documents, he never actually identifies who refused to provide them. Absent such information, this court fails to state a claim. The court also notes that plaintiff fails to identify an actual injury which he incurred as a result of the denial, something he must do in order to sustain a claim that he was denied access to the courts. Indeed, plaintiff alleges that he had to file a writ of mandate with the Court of Appeals in order to obtain his documents, which suggests that plaintiff was able to communicate with the courts.

Count Fourteen: This count is duplicative of Count Thirteen, and fails to state a claim for the reasons given above.

Count Fifteen: Plaintiff alleges that on June 18, 2012, defendant C/O Lares kicked plaintiff on the back of plaintiff's heel and used profane language toward plaintiff in violation of plaintiff's Eighth Amendment rights.

5

Count Sixteen: Plaintiff appears to allege that defendants C/O Lares and C/O Barker threatened other inmates not to associate with plaintiff "while plaintiff was being punished excessively for his due process being violated in CDC-115 written by C/O Nichol's Heard by Lt. Leckie."  To the extent plaintiff is attempting to allege that the officers violated the rights of other inmates, he may not maintain that claim as a pro se litigant.  To the extent plaintiff is alleging that a disciplinary conviction violated his due process rights, his allegation is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Count Seventeen:  Plaintiff alleges that on June 18, 2012, defendants C/O Lares and C/O Barker refused to sign for plaintiff's mail, violating his First Amendment rights.  Plaintiff does not advise what he sought to mail, or whether it was ever mailed, but he does allege that it was "legal and confidential."  However, there is nothing at Exhibit Q, to which the plaintiff refers the court, to indicate that plaintiff's mail obstruction claim was ever presented to prison officials or otherwise exhausted.

Count Eighteen:  Plaintiff alleges that on June 2, 2012, defendants McGrath, Lares, Blankenship, Young, Parker, and Drake searched his cell in retaliation for plaintiff's complaints against staff, and removed personal items and legal documents, in violation of plaintiff's Fourteenth Amendment rights.  Plaintiff also appears to allege that as a result of damage done to his jacket by defendant Young during the search he received a false disciplinary violation.  Plaintiff does not identify the legal documents that were destroyed, nor does he allege that the false conviction has been vacated or overturned, in order to remove any Heck bar to the current challenge.

Count Nineteen: Plaintiff alleges that on June 12, 2012, Lt. Angulo found him not guilty of the disciplinary charge identified in Count Eighteen, having to do with plaintiff's jacket.  Plaintiff appears to allege that, as a result, he was punished, but left unable to appeal.  This count is vague, and fails to state a claim under 42 U.S.C. § 1983.

Count Twenty: Plaintiff alleges that an unnamed defendant issued him a CDC-115 in retaliation for plaintiff's filing staff complaints.  This count is vague, as it fails to identify a defendant.  This claim also appears to be Heck-barred and therefore not colorable under 42

U.S.C. § 1983.

Count Twenty-One: Plaintiff alleges that an unnamed defendant violated his due process rights during his March 7, 2012 disciplinary hearing. Apparently, the decision was delivered to plaintiff outside the acceptable time frame, as mandated by California regulation. Also, plaintiff appears to allege that defendant Gore revised the rules violation report and that defendant Bolls found plaintiff guilty despite errors on the pertinent form. Exhibit U, to which plaintiff refers the court, includes the rules violation report as well as what appears to be plaintiff's own handwritten transcript of the hearing. There is nothing to indicate that plaintiff has exhausted his administrative remedies regarding these issues. Moreover, plaintiff has not alleged that the underlying decision has been vacated, which is necessary to remove any potential Heck bar.

Count Twenty-Two: Plaintiff alleges that Drs. Pomazal, Abdul-Raham, and Rohfling failed to provide him with adequate medical care, in violation of the Eighth Amendment. This count may be compound, and duplicative of other counts.

Count Twenty-Three: Plaintiff alleges that on August 19, 2012, defendant Brown destroyed plaintiff's legal documents during a cell search. Plaintiff alleges that the search was conducted to harass him for filing complaints against other prison staff.

Count Twenty-Four: Plaintiff alleges that on September 3, 2012, defendant Whittaker took plaintiff's legal documents and read them, violating plaintiff's First Amendment rights. This count fails to state a claim, as plaintiff has failed to identify any authority conferring on him a right under the First Amendment to privacy in his legal documents.

Count Twenty-Five: Plaintiff alleges that, on October 3, 2012, defendant Lares moved plaintiff to another building as retaliation for plaintiff's reports of Lares' misconduct. Plaintiff alleges that this violates his First Amendment right to file grievances; however, he has failed to provide any information which would allow the court to determine whether the move was an "adverse action."

Count Twenty-Six: Plaintiff alleges that on November 16, 2012, defendant McBride conducted a cell search of plaintiff's cell and removed plaintiff's legal and personal property. According to plaintiff, the legal materials were returned to him the next day. Plaintiff claims that

the removal and the search were conducted because plaintiff had previously filed staff complaints. Plaintiff claims that during this one day deprivation, he was unable to send out legal documents to the court, and therefore defendant McBride obstructed plaintiff's access to the courts. Plaintiff further alleges that defendant McBride violated plaintiff's First Amendment rights by examining the documents. As noted above, however, plaintiff has failed to identify an actual injury resulting from the one-day deprivation, and has also failed to identify any authority giving him a right to privacy in his legal documents.

Count Twenty-Seven: Plaintiff alleges that on November 20, 2012, his personal food was confiscated while he was being interviewed by Lt. Gunthier and Captain Hahn. He claims that during the interview, they informed plaintiff that they were going to confiscate his food, and that upon his return to his cell, C/O Collins and C/O Blauser were confiscating plaintiff's food. Plaintiff claims that as a result, he was without food for six days from November 19, 2012 through November 25, 2012. Plaintiff alleges that defendants Hahn and Gunthier violated his Fourteenth Amendment rights by depriving plaintiff of food. Plaintiff also claims that defendants Hahn and Gunthier violated plaintiff's First Amendment right to file a grievance, apparently based on plaintiff's conclusory allegation that he was singled out for retaliation, even though there is nothing in plaintiff's recitation of the incident to indicate that either defendant sought to retaliate against plaintiff.

Count Twenty-Eight: Plaintiff alleges that on November 19, 2012, defendant Smith conducted an interview with plaintiff regarding the November 16, 2012 cell search. Plaintiff alleges that he believes he was singled out, retaliated against, and deprived of food because he filed staff complaints. This count is compound and duplicative, and identifies no separate constitutional violation against any separate defendant.

Count Twenty-Nine: Plaintiff alleges that on November 21, 2012 he was interviewed by Lt. Beck, who spoke with plaintiff about his food and alleged hunger strike. As with the prior count, this count is compound and duplicative, and fails to identify any violation by the apparent defendant, Lt. Beck.

Count Thirty: Plaintiff alleges that on December 2, 2012, defendant Blauser used

1 excessive force on him in violation of the Eighth Amendment when she lifted plaintiff's hands,
2 which were handcuffed behind his back, causing "extreme pain to plaintiff's arms and lower
3 back. . . .C/O Blauser knows that plaintiff is a mobility impaired inmate." Plaintiff also alleges
4 that Sgt. Smith watched this violation but apparently did nothing to stop it. Plaintiff alleges that
5 the force was used in retaliation because plaintiff filed a staff complaint against Blauser.

6       Count Thirty-One: Plaintiff alleges that several inmate grievances filed by him were
7 blocked, destroyed, or intentionally screened out by defendant-appeals coordinators Nelson, L.
8 Lopez, and Hale, and that defendant J.D. Lozano ignored his attempts to file staff complaints
9 against these three appeal coordinators.

10       Count Thirty-Two: Plaintiff alleges that on February 16, 2012, he attempted to file a
11 grievance, which was thwarted by defendants Lozano, Nelson, Lopez, and Hale, in violation of
12 the First Amendment.

13       Count Thirty-Three: It is unclear what allegation plaintiff is attempting to raise in this
14 count. Plaintiff describes an incident on October 15, 2012, during which he alleges that
15 defendant Dr. Abdur-Raham falsely accused plaintiff of being uncooperative. The count then
16 goes on to describe that plaintiff received inadequate medical care, and that certain officials
17 screened out his complaints improperly, in violation of the First Amendment. Plaintiff must not
18 compound his allegations in this fashion, because it prevents the court from determining whether
19 plaintiff has articulated a colorable claim, and, if so, against whom.

20       Plaintiff has accordingly failed to correct the deficiencies outlined in the court's prior
21 order. This amended complaint will be dismissed, and plaintiff will be given one final
22 opportunity to amend. Plaintiff is cautioned that failed to correct the deficiencies outlined in this
23 order, as well as the court's April 12, 2013 order, will result in dismissal of this action.

24       Accordingly, IT IS HEREBY ORDERED THAT:
25       1. The Clerk shall serve on plaintiff a copy of the Court's April 12, 2013 order; and
26       2. The First Amended Complaint (ECF No. 8) is dismissed with leave to file an amended
27 ////
28 ////

complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in dismissal of this action.

DATED: August 12, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
Jenk0596.screen1AC