UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. 2:13-cv-0596 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| RON BARNES, Warden, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on the second amended complaint against defendant Miranda, a physician's assistant at High Desert State Prison, for deliberate indifference to plaintiff's serious medical needs in violation of plaintiff's Eighth Amendment rights. The complaint alleges that when plaintiff first arrived at High Desert State Prison on December 5, 2011, defendant Miranda discontinued plaintiff's Gabapentin medication and confiscated his medical devices, including a cane and back brace, which had previously been prescribed by doctors. ECF No. 11 at 15-16. As a result, plaintiff had difficulty moving around and was forced to walk around limping and in constant pain, with his "degenerative disk/bone rubbing bone." Id. at 16.

Presently before the court are a number of motions filed by plaintiff seeking appointment of an expert witness, appointment of counsel, and various court orders. Also pending is

1

defendant's motion for summary judgment, ECF No. 58, filed on May 6, 2015,[1] which will be addressed in a separate order.

I. Motion to Appoint Expert Witness (ECF No. 56)

Plaintiff moves for appointment of an expert witness to "address plaintiff's medical conditions, documents, and share medical knowledge concerning plaintiff's existing medical problems." ECF No. 56 at 2. Plaintiff asserts that a medical expert is necessary because plaintiff himself has no medical knowledge and will not be able to "give accurate medical testimony based on medical terms." Id.

Pursuant to Federal Rule of Evidence 702, an expert witness may testify to help the trier of fact determine the evidence or a fact at issue. A court has full discretion to appoint an expert witness either by its own motion or by a party's motion. Fed. R. Evid. 706(a); McKinney v. Anderson, 924 F.2d 1500, 1510–11 (9th Cir.1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903 (1991). Appointment of an expert witness may generally be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." Levi v. Dir. of Corr., 2006 WL 845733, 2006 U.S. Dist. LEXIS 18795, at *2 (E.D. Cal. 2006) (citing Leford v. Sullivan, 105 F.3d 354, 358 (7th Cir. 1997)). Here, it is unclear whether plaintiff seeks appointment of an expert on his own behalf or appointment of a neutral expert pursuant to Federal Rule of Evidence 706. "Reasonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." Trimble v. City of Phoenix Police Dept. 2006 WL 778697, U.S. Dist. LEXIS 13061, at *6 (D. Ariz. 2006) (citation omitted). Accordingly, to the extent plaintiff seeks appointment of an expert to help him present his case, this request is denied.

Plaintiff's request can also be reasonably construed as a request for appointment of a neutral expert witness under Federal Rule of Evidence 706. Where a party has filed a motion for appointment of a neutral expert under Rule 706, the court must provide a reasoned explanation of its ruling on the motion. Gorton v. Todd, 793 F. Supp. 2d 1171, 1178 (E.D. Cal. 2011). Several

---

[1] The pretrial dispositive motion deadline expired on May 6, 2015.

factors guide the court's decision.  First, and most importantly, the court must consider whether the opinion of a neutral expert will promote accurate fact finding.  Id. at 1179.  The court may also consider the ability of the indigent party to obtain an expert and the significance of the rights at stake in the case.  Id. at 1182–84.  Expert witnesses should not be appointed where they are not necessary or significantly useful for the trier of fact to comprehend a material issue in a case.  Id. at 1181.

In the present case, plaintiff claims that defendant Miranda violated plaintiff's Eighth Amendment rights when he discontinued plaintiff's Gabapentin medication and confiscated plaintiff's cane and back brace.  In order to prevail on an Eighth Amendment claim based on inadequate medical care, plaintiff must establish that defendant was deliberately indifferent to plaintiff's serious medical need.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A finding of deliberate indifference "involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), rev'd on other grounds, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d at 1059-60.

With respect to the first element of plaintiff's claim, the court finds that plaintiff does not need an expert to establish that his back condition rises to the level of a serious medical need. Plaintiff asserts that his history of back pain is documented in his medical file, that he has previously been prescribed Gabapentin by doctors at other prisons, and that he was previously issued medical chronos for a cane and back brace.  See ECF No. 61 at 4, 6-7.  Plaintiff may

3

submit these documents from his medical file as evidence that he suffers from a serious medical condition. To the extent plaintiff alleges that his back pain is not relieved by medications other than Gabapentin, plaintiff himself can testify as to his levels of pain and the side effects he experienced with other medications. While plaintiff asserts that he cannot testify "based on medical terms," use of such terminology is not necessary for the jury to understand plaintiff's testimony. See Lopez v. Florez, No. 1:08-CV-01975 LJO, 2013 WL 1563326, 2013 U.S. Dist. LEXIS 53175, at *1-2 (E.D. Cal. Apr. 12, 2013) (declining to appoint an expert where plaintiff was "able to testify as to the amount of pain he experienced and the [resulting] psychological effects he suffered"). The symptoms plaintiff complains of here, including pain, stomach problems, and difficulty moving around, are not "beyond a lay person's grasp" and are not of the requisite complexity to warrant appointment of an expert. See Ledford, 105 F.3d at 259-60.

In addition to establishing that his medical needs are serious, plaintiff must also show that defendant acted with deliberate indifference. See Estelle, 429 U.S. at 104. Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted). Because the deliberate indifference analysis is subjective, expert testimony is neither necessary nor significantly useful in determining whether defendant acted with deliberate indifference. Expert testimony would not even be admissible on the question of defendant's state of mind. This is particularly true in light of plaintiff's argument that defendant Miranda either did not review plaintiff's medical records prior to changing his medication and confiscating his medical devices, or ignored the notations in his medical file documenting plaintiff's need for Gabapentin. See ECF No. 61 at 3-7. Expert testimony would not assist a trier of fact in evaluating plaintiff's claim that defendant made up his mind about plaintiff's treatment before reviewing plaintiff's file because he thought plaintiff was faking his injuries. See id. at 4, 7.

For the above reasons, plaintiff's motion for appointment of an expert is denied. See Gorton, 793 F. Supp. 2d at 1181. However, the denial of the motion shall be without prejudice to its renewal after defendant's summary judgment motion has been resolved.

II.     Motion for Appointment of Counsel (ECF No. 57)

Plaintiff has requested appointment of counsel. ECF No. 57. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In the present case, the court does not find the required exceptional circumstances at this time. Plaintiff's request for counsel is based on his indigence, lack of legal knowledge, limited education, and limited access to the law library and other research materials. However, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. To the extent plaintiff's request for counsel is based on his assertion that he will need expert testimony at trial, the court notes that plaintiff's case has not yet been set for trial. Plaintiff's motion is denied without prejudice to its renewal after defendant's motion for summary judgment has been resolved.

III.    Motion to Amend (ECF No. 47)

Plaintiff filed a document entitled "Motion [to] Amend Medical Documents to Second Amended Complaint." ECF No. 47. The court's review of plaintiff's motion indicates that plaintiff does not seek to file an amended complaint. Rather, plaintiff merely seeks to add additional exhibits to his second amended complaint, on which this action currently proceeds. Plaintiff asserts that the exhibits attached to his motion, which appear to be copies of documents from plaintiff's medical file, support his Eighth Amendment claim against defendant Miranda and "will assist with fact finding." Accordingly, the court construes plaintiff's "motion to amend" as

a motion to add exhibits to his second amended complaint and grants the motion.

### IV.     Motion for a Court Order (ECF No. 54)

In his next motion, plaintiff requests a "court order requiring attendance of incarcerated witnesses at trial." ECF No. 54 at 1. In the alternative, plaintiff requests that his incarcerated witnesses be permitted to appear telephonically or that the court provide funds to allow plaintiff to record their testimony by video. Here, the court finds that plaintiff's motion is premature as plaintiff's case has not yet been set for trial. Plaintiff must first overcome defendant's motion for summary judgment, ECF No. 58, which is still pending before the court. Plaintiff's motion is therefore denied without prejudice to its renewal after defendant's motion for summary judgment has been resolved.

### V.     Motions for "Writ of Mandate"

Plaintiff filed three separate motions for a "writ of mandate" related to the activities of various prison officials at California Men's Colony (CMC), where plaintiff is currently incarcerated. ECF Nos. 46, 50, 63. In these motions, plaintiff requests that the court direct prison officials at CMC to cease interfering with his ability to make copies of legal documents, cease placing false reports in his central file, and cease interfering with his access to his legal materials. The court construes these motions as motions for preliminary injunctive relief. For the reasons that follow, the motions are denied.

#### A. Legal Standards Governing Motions for Injunctive Relief

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show either a likelihood of success on the merits of the underlying controversy and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir.1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir.1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the test, however, the moving party must demonstrate that there exists a significant

1 threat of irreparable injury.  See id.

2       Where the preliminary injunction concerns access to the courts, the merits of the
3 underlying suit need not be considered.  See Diamontiney v. Borg, 918 F.2d 793, 796 (9th Cir.
4 1990).  The Ninth Circuit has held that "prisoners have a right under the First and Fourteenth
5 Amendments to litigate claims challenging their sentences or the conditions of their confinement
6 to conclusion without *active interference* by prison officials."  Silva v. Di Vittorio, 658 F.3d
7 1090, 1103 (9th Cir.2011) (emphasis in original).  In order to frame a claim of a denial of the
8 right to access the courts, a prisoner must establish that he has suffered "actual injury," a
9 jurisdictional requirement derived from the standing doctrine.  Lewis v. Casey, 518 U.S. 343, 349
10 (1996).  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation,
11 such as the inability to meet a filing deadline or to present a claim."  Id. at 348 (citation and
12 internal quotations omitted).

13                       B.  December 19, 2014 Motion (ECF No. 46)

14       In his first motion for "writ of mandate," plaintiff asserts that on December 9, 2014 he
15 was "given the run around" when attempting to obtain copies of medical documents to add to his
16 second amended complaint.  ECF No. 46 at 2.  Presumably, plaintiff is referring to documents he
17 sought to attach as exhibits to his motion to amend, ECF No. 47, which was filed on the same
18 date as the instant motion for a "writ of mandate."  Plaintiff requests that the court order
19 "Supervisor Mr. Mahoney not [to] hinder, block, or stop plaintiff from proceeding with his legal
20 documents being copied" and not to interfere with plaintiff's access to the courts.  ECF No. 46 at
21 2.  Here, plaintiff's allegations fail to establish or allege that Mr. Mahoney's actions resulted in an
22 actual injury, such as a missed filing deadline or the inability to present a claim.  Despite being
23 "sent back and forth" between the librarian and the education staff in an attempt to obtain copies
24 of his documents, it appears that plaintiff succeeded in obtaining the copies sought on December
25 9, 2014.  Thus, plaintiff has not established a violation of his right of access to the courts, see
26 Lewis, 518 U.S. at 351, and the undersigned finds that plaintiff is not likely to suffer irreparable
27 harm in the absence of preliminary injunctive relief.  Accordingly, plaintiff's motion for an
28 injunction with respect to Mr. Mahoney is denied.

                    C.    January 20, 2015 Motion (ECF No. 50)

In his second motion, plaintiff complains that correctional officers at CMC falsified reports and placed them in plaintiff's central file in order to assist defendant Miranda in his defense of the present case. ECF No. 50 at 2. Specifically, plaintiff claims that two correctional officers at CMC made reference to plaintiff's "trial coming up against High Desert State Prison" and subsequently wrote a false report stating that plaintiff was observed descending the stairs without holding the handrail and without the use of his cane. Id. at 2-3. Plaintiff requests that the court take appropriate action in order to stop the harassment and retaliation against plaintiff. Id. at 3. A copy of the allegedly false report is attached to plaintiff's motion. See id. at 6. It is dated December 18, 2014. Id.

To the extent plaintiff is concerned that the December 18, 2014 report will be used against him in the present case, the undersigned finds the likelihood of such harm to be negligible. Although the report suggests that plaintiff is currently able to walk without the use of a handrail or cane, it comes three years after the December 5, 2011 medical evaluation at issue in this lawsuit. Moreover, defendant has already filed his motion for summary judgment and makes no reference to the December 18, 2014 report or any other events that occurred in 2014. See ECF No. 58. Accordingly, with respect to the underlying lawsuit, the court does not find that plaintiff is likely to suffer irreparable harm in the absence of a preliminary injunction. Plaintiff's motion is denied. However, to the extent plaintiff wishes to bring a distinct retaliation claim against the two officers at California Men's Colony who authored the report, he may do so by filing a civil rights complaint against them after exhausting his administrative remedies within the prison system.[2]

                    D.    June 22, 2015 Motion (ECF No. 63)

In his final motion, plaintiff alleges that prison officials at CMC are interfering with his ability to litigate his multiple ongoing cases by preventing him from keeping two cardboard boxes containing legal materials in his bunk. See ECF No. 63. Specifically, plaintiff alleges that prison

---

[2] The court expresses no opinion as to the merits of a potential lawsuit against these officers.

officials at CMC required him to "take all of his legal . . . documents to R&R," despite plaintiff's chrono permitting him to keep certain legal materials at his bunk for 120 days. Id. at 2. Plaintiff asserts that having his legal materials stored away from his bunk makes it is difficult for him to timely respond to developments in his multiple ongoing lawsuits. Id.

To the extent plaintiff asserts that these officers interfered with his right of access to the courts, plaintiff has failed to allege an actual injury resulting from the storage location of his boxes of legal materials. See Lewis, 518 U.S. at 351. He does not allege that he has missed a court deadline or that he has been unable to present a claim. Moreover, it appears that plaintiff already has a remedy for his problem in that he has a chrono permitting him to keep his legal materials in his bunk for 120 days.[3] Plaintiff can and should seek enforcement of this chrono by filing an administrative grievance within the prison system. In light of the relief available to plaintiff, the court does not find that plaintiff is likely to suffer irreparable harm in the absence of a preliminary injunction. Plaintiff's motion is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of an expert witness (ECF No. 56) is denied;
2. Plaintiff's motion for appointment of counsel (ECF No. 57) is denied;
3. Plaintiff's motion to amend (ECF No. 47), construed as a motion to add exhibits, is granted;
4. Plaintiff's motion for a court order requiring attendance of incarcerated witnesses at trial (ECF No. 54) is denied; and
5. Plaintiff's motions for "writ of mandate" (ECF Nos. 46, 50, 63), construed as motions for preliminary injunctive relief, are denied.

DATED: August 27, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] A copy of the most recent chrono is attached to his motion and is dated May 27, 2015. See ECF No. 63 at 8.